CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
09/14/2026
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| NANCY CROCKETT,<br>Plaintiff, | ) | Civil Action No. 5:24-cv-00084 |
| v. | ) | MEMORANDUM OPINION & ORDER |
| COMMONWEALTH OF VIRGINIA, et al.,<br>Defendants. | ) | By: Joel C. Hoppe<br>United States Magistrate Judge |

Plaintiff Nancy Crockett alleges that she was subject to sex discrimination and sexual harassment while working for the Virginia Department of Corrections ("VDOC") and that she faced retaliation when she complained of the alleged mistreatment. The matter is now before the Court on Crockett's motion for leave to file a Fourth Amended Complaint. Mot. to Amend, ECF No. 77. Crockett seeks to supplement her operative Third Amended Complaint to add allegations that she filed a second Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a corresponding Notice of Right to Sue in May 2026. Defendants oppose the motion, and the parties have briefed the issues. Defs.' Br. in Opp'n, ECF No. 78; Pl.'s Reply, ECF No. 79. For the reasons explained below, I find that allowing Crockett to serve her supplemental pleading, ECF No. 77-1, is just and appropriate at this stage of the litigation. Fed. R. Civ. P. 15(d).

## I. Legal Framework

Rule 15 governs "Amended and Supplemental Pleadings" in federal civil litigation. Fed R. Civ. P. 15(a)–(d). Subsections (a)–(c) all concern "Amendments," while subsection (d) concerns "Supplemental Pleadings." *See id.* Both allow a party to change its own pleading. *See Ohio Valley Env't Coal. v. U.S. Army Corps of Eng'rs*, 243 F.R.D. 253, 255 (S.D. W. Va. 2007). Broadly speaking, Rule 15(a)–(c) allows a party to add "a claim or defense that arose out of the

conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *see* Fed. R. Civ. P. 15(a)(1)–(b)(2). Rule 15(d) allows "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Thus, the difference between an "amendment" and a "supplement" is a matter of timing: the former sets out things that happened *before* the date of the *original* pleading, while the latter sets out things that happened *after* the date of the *operative* pleading.[1] *See Young-Henderson v. Spartanburg Area Mental Health Ctr.*, 945 F.2d 770, 775 (4th Cir. 1991) ("As a general rule, facts accruing after the suit is brought may not be inserted by way of amendment but must be added by supplemental pleading."); *Ohio Valley Env't Coal.*, 243 F.R.D. at 255–56.

This distinction "is of little practical significance," however, because courts evaluate motions to amend and motions to supplement under "nearly identical" standards. *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002); *see Doe v. Marshall Univ. Bd. of Governors*, 683 F. Supp. 3d 522, 529 (S.D. W. Va. 2023) (explaining that "a court reviews a Rule 15(d) motion under the same standard as Rule 15(a)"). "Under either rule, leave 'should be freely granted'" and denied only where good reason exists. *Barber v. Hall*, No. 7:14cv519, 2015 WL 5310790, at *5 (W.D. Va. Sept. 11, 2015) (quoting *Anand v. Ocwen Loan Servicing*, 754 F.3d 195, 200 (4th Cir. 2014)). "Delay alone is an insufficient reason to deny leave." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). "Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Id.* The Fourth Circuit reviews a decision to grant or deny leave to supplement

[1] There are also procedural differences related to obtaining the Court's leave and serving responsive pleadings. Those differences are not relevant here.

a pleading for abuse of discretion. *Wall v. Fruehauf Trailer Servs., Inc.*, 123 F. App'x 572, 577 (4th Cir. 2005); *Rowe v. U.S. Fid. & Guar. Co.*, 421 F.2d 937, 942–43 (4th Cir. 1970).

## II. Background

On January 10, 2024, Crockett filed a Charge of Discrimination with the EEOC, alleging sex discrimination, hostile work environment based on sex, and retaliation. ECF No. 77-3 That April, she filed a Complaint in the Circuit Court for Augusta County against the Commonwealth of Virginia, VDOC, David Newcomer, and Roger Waltz. ECF No. 4-1, at 2–17. On July 26, the EEOC issued a Notice of Right to Sue on the January 10 Charge. ECF No. 67-1.

On August 16, 2024, Crockett moved to amend her original state court Complaint. ECF No. 4-1, at 95–96. The circuit court judge granted her motion. *Id.* at 119–20. Crockett filed an Amended Complaint asserting claims under the Virginia Fraud and Abuse Whistle Blower Protection Act, Va. Code § 2.2-3011; the Virginia Tort Claims Act, Va. Code § 8.01-195.1, et seq.; Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. § 794 ("Rehabilitation Act"); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). *Id.* at 108–15 ¶¶ 81–122.

On October 16, 2024, Defendants removed this action to the U.S. District Court for the Western District of Virginia. ECF No. 1. On November 6, Defendants moved to dismiss the Amended Complaint under Rules 12(b)(1), 12(b)(2), and 12(b)(6). ECF No. 11. On September 18, 2025, the Court issued a memorandum opinion and order granting Defendants' motion to dismiss, but giving Crockett leave to amend within 21 days. ECF Nos. 44, 45.

On October 9, 2025, Crockett timely filed a Second Amended Complaint. ECF No. 47. The Second Amended Complaint named only the Commonwealth of Virginia and VDOC as defendants and included none of the state-law claims asserted in the First Amended Complaint.

*Id.* at 1, ¶¶ 198–222. It introduced new allegations based on events in 2024 and 2025 and asserted claims for discrimination, failure to accommodate, and retaliation under the Rehabilitation Act; and gender discrimination and retaliation under Title VII. *Id.* ¶¶ 174–222.

On October 23, 2025, Defendants moved to dismiss the Second Amended Complaint under Rule 12(b)(6). ECF No. 49. In addition to their arguments on the merits, Defendants argued that certain claims in the Second Amended Complaint "must be dismissed for failure to exhaust administrative remedies" because they arose from "discrete incidents occurring in 2024 and 2025 . . . that were not included in [Crockett's] January 10, 2024 EEOC charge." ECF No. 50, at 15–16. In her reply brief, Crockett argued that she "had no duty to refile with the EEOC concerning retaliation that occurred after the first charge." ECF No. 55, at 25 n.5 (citing *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992); *Brooks v. United Parcel Serv., Inc.*, No. 20-2617, 2021 WL 4339194, at *6–7 (D. Md. Sept. 23, 2021)).

On April 23, 2026, the Court issued a memorandum opinion and order granting Defendants' motion to dismiss and giving Crockett another 21 days' leave to amend. ECF Nos. 55, 56. Addressing the exhaustion issue, the Court explained that it could not consider any factual allegations underlying a Title VII claim unless they were "stated in the initial EEOC charge" or "reasonably related" to allegations stated in the initial charge. ECF No. 55, at 34 (brackets omitted) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)). Because the Second Amended Complaint did not allege that Crockett filed a second Charge of Discrimination including the new allegations, or show that the initial Charge reasonably related to these allegations, the Court declined to "consider new allegations of events occurring after the EEOC charge was filed—January 10, 2024—when evaluating Crockett's Title VII claims." *Id.* at 36.

On May 14, 2026, Crockett timely filed a Third Amended Complaint. ECF No. 67. The Third Amended Complaint introduced new, more detailed allegations based on events in 2024 and 2025. *Id.* ¶¶ 183–229. It asserted claims of discrimination, hostile work environment, failure to accommodate, and retaliation under the Rehabilitation Act; and gender discrimination, hostile work environment, and retaliation under Title VII. *Id.* ¶¶ 230–263

On May 28, 2026, Defendants moved to dismiss the Third Amended Complaint under Rule 12(b)(6). ECF No. 71. In their motion to dismiss, Defendants note that Crockett "relies extensively on allegations arising in 2024 and 2025 . . . to support [her] Title VII theories" and argue that the Court should not consider those allegations because Crockett has not shown that she exhausted her administrative remedies with the EEOC by filing a Charge of Discrimination that includes the allegations. *See id.* at 10–11 (citing *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005); *Evans*, 80 F.3d at 963). That motion is pending before the presiding District Judge.

Crockett filed the instant motion on June 26, 2026. The proposed Fourth Amended Complaint adds only two facts: (1) Crockett "filed another Charge of Discrimination with the EEOC on May 18, 2026," and (2) "the EEOC issued a Notice of Right to Sue on May 29, 2026." ECF No. 77-1, at ¶ 5. Attached to Crockett's motion are the second Charge of Discrimination, ECF No. 77-3, and the second Notice of Right to Sue, ECF No. 77-4. The second Charge of Discrimination states, in relevant part:

> After Ms. Crockett filed her charge of discrimination, the discrimination and hostile work environment she was enduring continued through the rest of her employment, and she encountered retaliation due to the filing of her EEOC Charge of Discrimination. What Ms. Crockett experienced is set forth in the attached Third Amended Complaint, which is incorporated as if set forth fully here.

ECF No. 77-3, at 1.

## III. Discussion

### *A. Rule 15(d) Applies to Crockett's Motion*

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d)'s purpose is to "promote as complete an adjudication of the dispute between the parties as possible" by allowing a party to update its pleading with facts and claims that have arisen since a lawsuit was filed. *Ohio Valley Env't Coal.*, 243 F.R.D. at 255 (quoting *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir. 1982)); *accord New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28 (4th Cir. 1963) (noting that Rule 15 allows the Court "to award complete relief, or more complete relief, in one action, and to avoid the cost, delay and waste of separate actions"). "In short, Rule 15(d) allows a party to bring the case up to date." *Ohio Valley Env't Coal.*, 243 F.R.D. at 256.

In her motion, Crockett seeks leave to file a "Fourth Amended Complaint" under Rule 15(a), which provides "that leave be freely given when justice so requires." Mot. to Amend 1 (citing Fed. R. Civ. P. 15(a)(2)); *see* Defs.' Br. in Opp'n 2 (citing Fed. R. Civ. P. 15(a)(2)). *But see* Pl.'s Reply 3 (urging the Court to grant her motion "pursuant to Rules 15(a) and 15(d)"). Crockett seeks to add facts that occurred in June 2026, *after* she filed her operative Third Amended Complaint in May 2025, *see* ECF No. 67; ECF No. 77-1, at ¶ 5. Accordingly, Rule 15(d), not Rule 15(a), applies. *Ohio Valley Env't Coal.*, 243 F.R.D. at 255. Even though Crockett initially framed her motion as one to "amend," I may properly construe it as a motion to supplement the Third Amended Complaint under Rule 15(d). *See, e.g.*, *id.* at 256 (citing *Franks*,

313 F.3d at 198 n.15); *Cole v. Lucid USA, Inc.*, No. 3:24cv19, 2025 WL 2364609 (W.D. Va. Aug. 13, 2025).

*B. Leave to Supplement Should Be Granted*

"The Fourth Circuit has held that supplemental pleadings are 'so useful and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears.'" *Ashton v. City of Concord, N.C.*, 338 F. Supp. 2d 735, 740 (M.D.N.C. 2004) (quoting *New Amsterdam Cas. Co.*, 323 F.2d at 28–29). Those reasons generally are limited to futility, undue prejudice to the opposing party, and bad faith. *Franks*, 313 F.3d at 193.

*1. Futility*

Defendants first argue that "even assuming, without conceding, the amendment resolves any dispute concerning the contents or scope of [Crockett's] EEOC filings, it does not resolve the separate question presented by Defendants' pending Motion to Dismiss: whether those allegations are sufficient to state a plausible claim for relief." Defs.' Br. in Opp'n 3. Thus, Defendants contend that Crockett's proposed supplemental complaint is futile because it could not withstand Defendants' pending Rule 12(b)(6) motion to dismiss on the merits.

A proposed supplement or amendment is futile if it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1978). Additionally, the Fourth Circuit "has made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) (citation omitted). "However, consideration of the substantive merits of the plaintiff's claim is not appropriate when considering a motion for leave . . . unless it is plainly evident that the claim could not survive a motion to dismiss." *Stacy v. Jennmar Corp.*

*of Va., Inc.*, 342 F.R.D. 215, 220 (W.D. Va. 2022) (cleaned up); *cf. Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (noting that a defendant may raise an affirmative defense in a Rule 12(b)(6) motion to dismiss only "if all facts necessary to the affirmative defense clearly appear on the face of the complaint" (cleaned up)).

Here, Defendants do not argue—and I do not find—that Crockett's proposed supplemental pleading is insufficient or frivolous on its face. Indeed, Defendants acknowledge that the new facts may resolve the exhaustion issue, thus allowing the Court to consider Crockett's allegations after the January 2024 Charge of Discrimination when evaluating her Title VII claims. *See* Defs.' Br. in Opp'n 3. In considering the Motion to Amend, I focus my analysis on the limited scope of Crockett's amendment and do not address the broader arguments raised in Defendants' pending motion to dismiss, which has not been referred to me and is before the presiding District Judge. Given this limit and Defendants' acknowledgment that the information about Crockett's filing of the new EEOC charge may impact their exhaustion argument, I easily find that the new information is neither insufficient nor frivolous. Indeed, it directly addresses Defendants' exhaustion argument and the presiding District Judge's findings in her Opinion of April 23, 2026.

*2. Prejudice & Bad Faith*

Defendants do argue that the "procedural posture [of this case] weighs strongly against amendment" because Crockett "has already filed three complaints, this being the fourth, and has had the benefit of both the Court's prior Memorandum Opinions and Defendants' briefs, including the pending Motion to Dismiss the Third Amended Complaint." Defs.' Br. in Opp'n 4. Defendants correctly note that "a district court acts well within its discretion in denying further serial amendments where a plaintiff has been placed on notice of pleading deficiencies yet fails

to cure them." *Id.* (citing *United States ex rel. Nathan v. Takeda Pharma N.A., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013); *Daulatzai v. Maryland*, 97 F.4th 166, 179–80 (4th Cir. 2024)).

Yet "[s]upplementation is permitted under Rule 15(d) even if 'the original pleading is defective in stating a claim or defense.'" *Marshall Univ. Bd. of Governors*, 683 F. Supp. 3d at 529 (quoting Fed. R. Civ. P. 15(d)). Moreover, while Defendants point out that Crockett has had several opportunities to amend her pleadings, "delay alone is an insufficient reason to deny leave." *Edwards*, 178 F.3d at 242. "Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Id.* Defendants neither specify how giving Crockett an opportunity to further develop her claims based on previously unavailable information will prejudice them nor assert that she made this motion in bad faith. *Cf. Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 127–28 (E.D. Va. 2017) (noting that "Defendants essentially argue that Plaintiffs' dilatory actions constitute bad faith and that it would be prejudicial to Defendants for the Court to grant leave to amend" because "Plaintiffs have already had three separate opportunities to state their claims against Defendants").

In any event, I do not find that the proposed supplement will prejudice Defendants. As Defendants acknowledge, it "adds only additional EEOC materials while leaving the operative allegations and substantive disputes unchanged." Defs.' Br. in Opp'n 3. Thus, the Fourth Amended Complaint will not require additional discovery or legal analysis beyond the allegations and claims raised in the Third Amended Complaint. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc) (explaining that the nonmovant may suffer prejudice where the movant "raises a new legal theory that would require the gathering and analysis of facts not already considered"); *see also, e.g.*, *Oriole Grp., LLC v. Pool Scouts Franch., LLC*, 791 F. Supp. 3d 661, 676–77 (E.D. Va. 2025) ("[Defendant] does not show that it would be prejudiced by the

proposed amendment, because it does not represent that it would require additional discovery[.]"); *Safeway, Inc. v. Sugarloaf P'ship, LLC*, 423 F. Supp. 2d 531, 539 (D. Md. 2006) ("As to prejudice, the Court notes that although the amendments arise late in the proceedings, neither is likely to require much, if any, additional discovery.").

Finally, Defendants have not shown that Crockett acted with bad faith, or "dishonesty of belief or purpose." *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 198 (4th Cir. 2022) (quoting *Bad Faith*, *Black's Law Dictionary* (8th ed. 2004)). Crockett did not, for example, "withhold[] evidence for an extended period." *Id.* at 199 (citations omitted). Nor does the proposed supplement include "misleading and inconsistent assertions." *Id.* at 200 (citation omitted).

III. Conclusion

Crockett's motion, ECF No. 77, is hereby **GRANTED**. Crockett shall file a clean copy of her supplemental Complaint, ECF No. 77-1, within three days from the date of this order.

Defendants' pending motion to dismiss, ECF No. 71, is not necessarily rendered moot. Unlike an amended complaint, which "supersedes the original and becomes the operative complaint," *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017), a supplemental complaint simply brings the operative complaint "up to date," *Ohio Valley Env't Coal.*, 243 F.R.D. at 255. *See, e.g.*, *New Amsterdam Cas. Co.*, 323 F.2d at 28–29; *Hill v. Holiday*, No. 2:19cv140, 2021 WL 5987147, at * n.1 (S.D. W. Va. Oct. 18, 2021), *adopted by* 2021 WL 5510248 (S.D. W. Va. Nov. 24, 2021). The presiding District Judge may consider Defendants' pending motion to dismiss responsive to the Fourth Amended Complaint.

The Clerk shall send a copy of this Memorandum Opinion and Order to the parties.

It is so ORDERED. ENTER: September 14, 2026

Joel C. Hoppe
U.S. Magistrate Judge